

FILED

AUG - 5 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 13-91102-E-7 |
| DANIEL B. KREVITSKY, | ) |
| Debtor. | ) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**
**DEBTOR'S *EX PARTE* MOTION TO VACATE ORDER**
**DISMISSING CHAPTER 7 CASE**

The present case, No. 13-91102, was commenced by Daniel Krevitsky, the Chapter 7 Debtor ("Debtor"), on June 11, 2013. At the time of filing the court issued a Notice of Incomplete Filing and Notice of Intent to Dismiss If Documents Are Not Timely Filed. Dckt. 3. The missing documents are identified in the Notice to be: (1) Means Test (Form 22A), (2) Schedules A-J, (3) Statement of Financial Affairs, (4) Statistical Summary, and (5) Summary of Schedules. Dckt. 3. The court granted the Debtor an extension of time to file the missing documents, with all required to be filed

///

///

on or before July 10, 2013. Order, Dckt. 26.[1]

On July 11, 2013, the Clerk of the Court issued an order dismissing the case for failure to file all of the missing documents. Dckt. 29. This is because the Means Test (Form 22A) and payment of a filing fee was not timely delivered to the court. As set forth in the Motion to Vacate the Dismissal, it is argued that they were sent to the Chapter 7 Trustee. The court issued an order to show cause for dismissal of the case for the failure to make payment of the $30.00 filing fee for the Amended Master Address List filed by the Debtor. Dckt. 27. This order to show cause was dismissed as moot, based on the case having been dismissed for the other defects in the case.

### MOTION TO VACATE

The present Motion to Vacate was filed on July 25, 2013. Dckt. 34. The Motion was filed as an *ex parte* motion, with no hearing set and no certificate of service filed with the court. It appears that the Chapter 7 Trustee and U.S. Trustee, as well as creditors, are not aware that the Debtor is attempting to vacate the dismissal of this case. The Motion is not supported by a declaration or other authenticated evidence. The Motion is merely a statement of contentions.

The Debtor has filed multiple bankruptcy cases in this District, having successfully completed both a Chapter 7 case and

---

[1] The Debtor's motion for extension of time filed on June 25, 2013, states "I believe I have complied with the filing requirements. If I have not been thorough, please provide me with an extension of time or leave to amend." Motion, Dckt. 23. The court granted an extension of time. On June 25, 2013, the Debtor had filed (1) Summary of Schedules, (2) Statistical Summary, (3) Schedules A - J, (4) Statement of Financial Affairs, and (5) Statement of Intention. Dckt. 24.

Chapter 13 case, receiving discharges in both. These cases and their conclusions are summarized as follows:

| Case Number<br>Chapter | Filing Date<br>Dismissal Date<br>Discharge Date | Grounds Upon Which Dismissal Based |
|---|---|---|
| 13-90494<br>Chapter 13 | Date Filed:<br>  March 18, 2013<br>Date Dismissed:<br>  May 28, 2013<br><br>No Discharge | Motion to Dismiss based on (1) failure to make plan payments, (2) failure to set hearing on motion to confirm Chapter 13 Plan, (3) Chapter 13 Plan terms unclear, (4) failure to attend First Meeting of Creditors, (5) failure to provide copies of pay advices, (6) failure to provide copy of tax return, and (7) failure to provide Trustee with a Domestic Support Obligation Checklist. 13-90494 Dckt. 78.<br><br>No Chapter 13 Plan confirmed. |
| 11-92475<br>Chapter 13 | Date Filed:<br>  July 11, 2011<br>Date Dismissed:<br>  September 23, 2011<br><br>No Discharge | Motion to Dismiss based on (1) failure to file correct version of Chapter 13 Plan, (2) failure to provide Trustee with information for Class 1 Claim secured by Crystal Falls Property, (3) failure to provide Trustee information for a second Class 1 Claim secured by Crystal Falls Property, (4) failure to provide Trustee with information for a third Class 1 Claim secured by the Crystal Falls Property, and (5) failure to provide Trustee copy of tax return. 11-92475 Dckt. 23.<br><br>No Chapter 13 Plan confirmed. |
| 11-92033<br>Chapter 13 | Date Filed:<br>  June 6, 2011<br>Date Dismissed:<br>  June 28, 2011<br><br>No Discharge | Notice of Incomplete Filing. Failure to file: (1) Chapter 13 Plan, (2) Means Test (Form 22C), (3) Schedules A-J, (4) Statement of Financial Affairs, (5) Statistical Summary, and (6) Summary of Schedules. 11-92033 Dckt. 3.<br><br>Motion for extension of time to file documents denied based on the failure to show good cause. 11-92033 Dckt. 14.<br><br>No Chapter 13 Plan confirmed. |
| 11-91013<br>Chapter 13 | Date Filed:<br>  March 22, 2011<br>Date Dismissed:<br>  April 21, 2011<br><br>No Discharge | Notice of Incomplete Filing. Failure to file: (1) Chapter 13 Plan, (2) Means Test (Form 22C), (3) Schedules A-J, (4) Statement of Financial Affairs, (5) Statistical Summary, and (6) Summary of Schedules. 11-91013 Dckt. 3.<br><br>Motion for extension of time to file documents granted. 11-91013 Dckt. 13.<br><br>No Chapter 13 Plan confirmed. |

| | | |
|---|---|---|
| 10-92201<br>Chapter 7,<br>Voluntary | Date Filed:<br>   June 9, 2010<br>Not Dismissed<br><br>Discharge Date:<br>   October 6, 2010 | |
| 99-94575<br>Chapter 13 | Date Filed:<br>   October 15, 1999<br>Not Dismissed<br><br>Discharge Date:<br>   May 26, 2004 | |
| 99-91063<br>Chapter 13 | Dated Filed:<br>   March 10, 1999<br>Date Dismissed:<br>   August 26, 1999 | Motion to Dismiss based on default in Chapter 13 Plan payments. |

The Debtor having received his Chapter 7 discharge on October 6, 2010 (Chapter 7 case No. 10-92201 filed June 9, 2010), he cannot obtain a Chapter 7 discharge in any case commenced before June 10, 2018 (11 U.S.C. § 727(a)(8)) or in a Chapter 13 discharge in any case commenced before June 10, 2014 (11 U.S.C. § 1328(f)(1)). While there can be *bona fide* reasons for filing a Chapter 13 case in which no discharge may be granted,[2] the court cannot divine the *bona fide*, good faith benefits and reasons for prosecuting a Chapter 7 case in which no discharge can be obtained based on the record in this case.

**Related To Adversary Proceeding**

The Debtor references in his Motion a "related to" adversary proceeding which he desires to prosecute in federal court. Adversary Proceeding 13-9025 was commenced by the Debtor on

---

[2] See *In re Frazier*, 448 B.R. 803 (Bankr. ED Cal. 2011), *affd.*, 469 B.R. 803 (ED Cal. 2012), for a discussion of Chapter 20 "lien striping" through the two-step Chapter 7 – Chapter 13 process.

4

July 12, 2013. The Debtor is suing Deutsche Bank National Trust Company, as Trustee, Aztec Foreclosure Corporation, OneWest Bank, FSB, and an individual named Derrick W. Loomis. The Complaint appears to be a state court complaint for which the caption has been changed, with this court being handwritten in as the name of the court. The Complaint is "verified," which is a California state law procedure which then requires specific admissions and denials of allegations, rather than the state court permitted general denial. The "general denial" is not permitted under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. *See* Fed. R. Civ. P. 12 and Fed. R. Bank. P. 7012.

A survey of the Complaint indicates that the Debtor is asserting a variety of California state law claims though which he seeks a determination that a non-judicial foreclosure was invalid. The legal grounds asserted by the Debtor include: (1) California Civil Code § 2923.6, (2) California Civil Code § 17200, (3) breach of state law covenant of good faith and fair dealing arising under contract, (4) enjoining Defendants from exercising asserted rights under promissory note and deed of trust, (5) California Civil Code § 1752 (state law fraud), (6) declaration of state law rights under note and deed of trust, (7) California Civil Code §§ 2923.6, 2924, and 2932.5, (8) determination under state law the "holder of the note" secured by the deed of trust, (9) California Penal Code § 115, and (10) California Evidence Code § 669. In addition, the Debtor has demanded a jury trial on all issues.

Though filing the Adversary Proceeding on July 12, 2013, Schedule B filed by the Debtor on July 25, 2013, does not list any claims against Deutsche Bank National Trust Company, as Trustee, or

any other of the Defendants named in the Complaint. No claims or rights of any such are listed on Schedule B or claimed as exempt on Schedule C. Dckt. 24. From the Complaint, it appears that these claims are asserted to have existed prior to the commencement of the case, thereby they would be property of the Chapter 7 bankruptcy estate. 11 U.S.C. § 541(a). As property of the estate, it is the Chapter 7 Trustee who has the sole right to prosecute such rights. 11 U.S.C. §§ 707(a), 323. Though a debtor bringing such an adversary proceeding is not immediately fatal on the issue of standing to commence such litigation (Fed. R. Civ. P. 17(a)(3), Fed. R. Bankr. P. 7017), the standing issue must promptly be addressed before the court can proceed with the litigation.

Even if the Debtor is the real party in interest, the Complaint raises serious issues of whether the bankruptcy court or district court should exercise the broad grant of jurisdiction and authority given by Congress under 28 U.S.C. §§ 1334 and 157. This jurisdiction was granted to the extent that the issues arise under the Bankruptcy Code, in the bankruptcy case (such as administration of an asset), or relate to the (administration or outcome of a ) bankruptcy case. 28 U.S.C. § 1334(a) and (b). However, recognizing this broad reach of federal court jurisdiction, Congress also provided that federal judges may, and in some situations are required to, abstain from hearing matters though federal court jurisdiction under § 1334 may exist. *See* 28 U.S.C. § 1334(c).

As provided in 28 U.S.C. § 1334(c)(1),

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of

comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

A bankruptcy judge's exercise of the federal judicial power is considered in light of core and non-core (related to) jurisdiction. *See Stern v. Marshall*, 564 U.S. ___ , 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). This court has previously addressed the issue of when a bankruptcy court judge should utilize federal bankruptcy jurisdiction to adjudicate issues between parties which determination will have no bearing on the bankruptcy case and do not concern Bankruptcy Code issues. *See Pineda v. Bank of America, N.A. (In re Pineda)*, 2011 Bankr. LEXIS 5609 (Bankr. E.D. Cal 2011), *affrm. Pineda v. Bank of America, N.A. (In re Pineda)*, 2013 Bankr. LEXIS 1888 (B.A.P. 9th Cir. 2013). Such jurisdiction should be carefully used by the federal courts to the extent necessary and appropriate to effectuate the goals, policies, and rights relating to bankruptcy cases, and not as a device to usurp state courts of general jurisdiction or the district as the trial court for federal matter and diversity jurisdiction.

The court shall issue, as it did in the *Pineda* litigation, an order to show cause why this bankruptcy judge does not abstain from any further hearings pursuant to 28 U.S.C. § 1334(c)(1) for Adversary Proceeding 13-9025.

**INTERIM ORDER VACATING DISMISSAL**

The Federal Rules of Civil Procedure provide for vacating an order or judgment in Rule 60, as incorporated into bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, which incorporates minor modifications that do not apply here. Grounds for relief

from a final judgment, order, or other proceeding are limited to:

    (1)    Mistake, inadvertence, surprise, or excusable neglect;

    (2)    Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    The judgment is void;

    (5)    The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or

    (6)    Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The court uses equitable principles when applying Rule 60(b)Fed. R. Civ. P. 60(b). *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3rd ed. 1998). A precondition to the granting of such relief is that the movant show that he or she has a meritorious claim or defense. *See* 12-60 Moore's Federal Practice Civil § 60.24; *Brandt v. American Bankers Insurance Company of Florida*, 653 F.3d 1108, 111 (9th Cir. 2011); *Falk v. Allen*, 739 F.2d 461, 462(9th Cir. 1984) ("We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Gross v. Stereo Component Systems*, 700 F.2d 120, 122 (3d Cir. 1983) ("Gross"); *see also United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (adopting Third Circuit test).")

    On the one hand, the Debtor did file substantially all of the missing documents. Unfortunately, though very experienced in

bankruptcy filings, he argues that he sent one of the documents and filing fee to the Trustee instead of the court. This resulted in the court dismissing the case.

The Debtor makes no showing under Rule 60(b) as to why and how he can and will prosecute this Chapter 7 case. It appears that he cannot obtain a discharge. No assets of any value (other than possibly the unscheduled claims asserted in the Adversary Proceeding) exist for the Trustee to administer and use to pay creditor claims. Schedules A and B, Dckt. 24. According to Schedule D, the Debtor asserts that he has no creditors having secured claims (whether such claims asserted are contingent, unliquidated, or disputed). Schedule D, *Id.* The Debtor lists no priority unsecured claims on Schedule E. *Id.* Other than a $2,500.00 claim of the Internal Revenue Service, all of the other general unsecured claims on Schedule F are listed as "Unknown" and disputed. *Id.*

On Schedule I the Debtor lists having $1,100.02 in gross income from wages, salary, and commissions. His occupation is listed as actor and his employer is Entertainment Partners. However, there are no deductions from his wages for payroll or Social Security Taxes. He also lists $800.00 in monthly income from roommates for rent and $400.00 from self employment. Schedule I, *Id.* However, on Schedule J no provision is made for payment of any payroll taxes, self-employment taxes, or Social Security Taxes. The Debtor states that he has monthly food expenses of only $200.00, nothing for medical or dental expenses, and only $150.00 for transportation expenses. Schedule J, *Id.*

The Statement of Financial Affairs fails to provide the

required income information for the current year and the two prior years. The only income shown in response to Question 1 of the Statement of Financial Affairs (Income from employment or operation of business for the current year and two years immediately preceding the current calendar year) is "$400.....Personal message services." In response to Question 2 of the Statement of Financial Affairs for the same period of time (Income other than from employment or operation of business) the Debtor states "$800......Roommate rental 2 rooms income per month." *Id.*

In response to Question 4 (Suits and administrative proceedings), the Debtor lists an unlawful detainer action involving Deutsche Bank National Trust Company as an "open" proceeding. *Id.* In response to Question 5 (Repossession and foreclosures) the Debtor identifies a February 27, 2012 foreclosure having been conducted by Deutsche Bank National Trust Company. *Id.*

The Debtor has offered nothing to indicate that if the court were to vacate the dismissal, the Debtor could and would properly prosecute this Chapter 7 to some useful and proper (under the Bankruptcy Code) conclusion. However, the court recognizes that the Debtor (notwithstanding his multiple cases) is appearing in *pro se* and may not appreciate all of the requirements to vacate an order dismissing a bankruptcy case. The Debtor having chosen to file the present *ex parte* motion, rather than setting it for a hearing, the court was deprived of having the opportunity to conduct a hearing with the Debtor.[3]

---

[3] In addition to wasting time and monetary resources, a debtor who repeatedly files bankruptcy cases also squanders rights under the Bankruptcy Code. With the 2005 BAPCPA amendments, Congress statutorily addressed the perceived problem of repeat (non-productive)

RULING

Though little basis has been shown by the Debtor, the court will set a hearing on the motion to vacate the order dismissing the case and an interim order temporarily vacating the order dismissing the bankruptcy case. The court shall also issue an Order to Show Cause why the bankruptcy case should not be dismissed and the interim order allowed to terminate. The hearing shall be conducted at **10:30 a.m. on August 22, 2013**. The interim order vacating the dismissal is based on what may well be only a remote chance that there are rights of the estate which may be at peril.

The Debtor shall file and serve any supplemental pleadings on the Chapter 7 Trustee, U.S. Trustee, and creditors on or before **August 15, 2013**. Creditors, the U.S. Trustee, the Chapter 7 Trustee, and other parties in interest may present their opposition or responses in court, no written responses required. Local Bankruptcy Rule 9014-1(f)(2).

This Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052, 9014.

The court shall issue a separate order consistent with this Decision.

Dated: August 05, 2013

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

---

bankruptcy filers. As part of this, it created statutory terminations of certain rights and provisions precluding certain rights under the Bankruptcy Code from going into effect in the subsequent bankruptcy case(s).

Case 13-91102    Filed 08/05/13    Doc 43

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and
  __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814