# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

---

**Case Title :**  DANIEL B. KREVITSKY

**Case No :**  13-91102-E-7
**Date :**  8/22/13
**Time :**  10:30

**Matter :**  ORDER TO SHOW CAUSE   8-5-13 [45]

**Judge :**  Ronald H. Sargis
**Courtroom Deputy :**  Melinda Strandwold
**Reporter :**  Susana Abeyta
**Department :**  E

---

**APPEARANCES for:**
**Movant(s) :**
   Court
**Respondent(s) :**
   Daniel Krevitsky

---

## CIVIL MINUTES

**Notice Provided**: The Order to Show Cause was served by the Clerk of the Court through the Bankruptcy Noticing Center on Debtor, Chapter 7 Trustee, and Office of the U.S. Trustee, on August 8, 2013.  14 days notice of the hearing was provided.

   **The court's decision is to dismiss the Chapter 7 case**.

   Daniel B. Krevitsky, the Chapter 7 Debtor ("Debtor") filed an *ex parte* motion to vacate the prior order of this court dismissing the bankruptcy case but did not serve the motion on any other party in interest or set the matter for hearing or provide evidence in support of the Motion.  The court vacated, as an interim order, the July 11, 2013 order dismissing the case (Dckt. 29).  The court vacated the order on an interim basis to conduct a hearing on the Debtor's *ex parte* Motion.

   The court ordered Daniel B. Krevitsky, debtor in the above-captioned case, to appear and show cause why this court should not dismiss this Chapter 7 case for cause, including,

a.  The Debtor having obtained a discharge in his Chapter 7 case No. 10-92201 filed June 9, 2010, and not being eligible for a Chapter 7 discharge in any case commenced which he commences before June 10, 2018.  11 U.S.C. § 727(a)(8).

b.  The Debtor not having shown any purpose under the Bankruptcy Code for the filing and prosecution of this Chapter 7 case.

c.  The Debtor failing to list on Schedule B (Dckt. 24) any claims against Deutsche Bank National Trust Company, as Trustee, and the other Defendants named in Adversary Proceeding No. 13-9025.

d.  Allowing the Interim Order to expire and enter a confirming order that the Chapter 7 case has been dismissed.

The Debtor was ordered to file any supplemental pleadings in support of the *ex parte* Motion to Vacate Order Dismissing the Chapter 7 case and in response to the Order to Show Cause on or before August 15, 2013.

Debtor failed to file a response on or before August 15, 2013.  However, on August 19, 2013 a response was filed, which the court considers in light of the nature of these proceedings and the Debtor appearing in pro se.

The court has issued two orders to show cause, the one in the present bankruptcy case and on in the Debtor's Adversary Proceeding against Deutsche Bank National Trust Company, as Trustee, et al (Adv. No. 13-9025).  Though the comments in this Response appear to be more directed at the Adversary Proceeding, the court finds them relevant to consideration of the Debtor's filing and prosecution of this bankruptcy case.  The Debtor's response states,

The Plaintiff sets forth the following in his Response to the Order to Show Cause with respect to this Adversary Proceeding:

A.  Pro Se complaints are held to less stringent standards than formal pleadings by lawyers.

B.  The bankruptcy case and Adversary Proceeding were commenced to seek protection from a fraudulent foreclosure by Defendant.

C.  The Plaintiff has been evicted from the property and is homeless.

D.  Plaintiff has provided the court with evidence that the Defendant could not be the holder in due course of the original note and deed of trust, and did not have standing to foreclose on the property.

  E. The fraudulent foreclosure and eviction have injured Plaintiff greatly.

  F. The "Supreme Law of the Land" prohibits taking of property without due process.

  G. Plaintiff seeks only time for a jury of his peers to hear evidence of the alleged fraud.

  H. Plaintiff believes that due process and property rights have been trampled on by fraud.

  I. Plaintiff asserts that anything less than this court allowing him to proceed to trial by jury would be a travesty of justice.

Response, Dckt. 49.

  While the Debtor may want to choose the bankruptcy court as his "court of choice" to litigate with Deutsche Bank National Trust Company, Trustee, and the other defendants, that does not (1) establish a basis for federal court jurisdiction and (2) does not demonstrate a good faith, bona fide filing and prosecution of a bankruptcy case.

  The court has addressed in connection with the Order to Show Cause in Adversary Proceeding 13-9025 the absence of federal court jurisdiction as required by Article III, Section 2 of the United States Constitution.  Further, that to the extent any "related to" jurisdiction could be found (28 U.S.C. § 1334(a)) for the Adversary Proceeding, abstention pursuant to 28 U.S.C. § 1334(c)(1) is proper.

  In issuing the Interim Order vacating the dismissal order and issuing this Order to Show Cause, the court addressed in detail the issues, and problems with, this present Chapter 7 case for the Debtor. Memorandum Opinion and Decision, Dckt. 43.  First, the Debtor cannot obtain a discharge in this Chapter 7 case.  The Debtor obtained a discharge in his prior Chapter 7 case, Bankr. E.D. Cal. 10-92201, filed on June 9, 2010, with a discharge entered on October 6, 2010. The Debtor having received his Chapter 7 discharge on October 6, 2010 (Chapter 7 case No. 10-92201 filed June 9, 2010), he cannot obtain a Chapter 7 discharge in any case commenced before June 10, 2018 (11 U.S.C. § 727(a)(8)) or in a Chapter 13 discharge in any case commenced before June 10, 2014 (11 U.S.C. § 1328(f)(1)).

Further, this is not the Debtor's second bankruptcy filing, but one in a long series of bankruptcy case filings.

| Case Number Chapter | Filing Date Dismissal Date Discharge Date | Grounds Upon Which Dismissal Based |
|---|---|---|
| 13-90494 Chapter 13 | Date Filed: March 18, 2013<br>Date Dismissed: May 28, 2013<br><br>No Discharge | Motion to Dismiss based on (1) failure to make plan payments, (2) failure to set hearing on motion to confirm Chapter 13 Plan, (3) Chapter 13 Plan terms unclear, (4) failure to attend First Meeting of Creditors, (5) failure to provide copies of pay advices, (6) failure to provide copy of tax return, and (7) failure to provide Trustee with a Domestic Support Obligation Checklist.  13-90494 Dckt. 78.<br><br>No Chapter 13 Plan confirmed. |
| 11-92475 Chapter 13 | Date Filed: July 11, 2011<br>Date Dismissed: September 23, 2011<br><br>No Discharge | Motion to Dismiss based on (1) failure to file correct version of Chapter 13 Plan, (2) failure to provide Trustee with information for Class 1 Claim secured by Crystal Falls Property, (3) failure to provide Trustee information for a second Class 1 Claim secured by Crystal Falls Property, (4) failure to provide Trustee with information for a third Class 1 Claim secured by the Crystal Falls Property, and (5) failure to provide Trustee copy of tax return. 11-92475 Dckt. 23.<br><br>No Chapter 13 Plan confirmed. |
| 11-92033 Chapter 13 | Date Filed: June 6, 2011<br>Date Dismissed: June 28, 2011<br><br>No Discharge | Notice of Incomplete Filing.  Failure to file: (1) Chapter 13 Plan, (2) Means Test (Form 22C), (3) Schedules A-J, (4) Statement of Financial Affairs, (5) Statistical Summary, and (6) Summary of Schedules.  11-92033 Dckt. 3.<br><br>Motion for extension of time to file documents denied based on the failure to show good cause.  11-92033 Dckt. 14.<br><br>No Chapter 13 Plan confirmed. |

| 11-91013 Chapter 13 | Date Filed: March 22, 2011<br>Date Dismissed: April 21, 2011<br><br>No Discharge | Notice of Incomplete Filing.  Failure to file: (1) Chapter 13 Plan, (2) Means Test (Form 22C), (3) Schedules A-J, (4) Statement of Financial Affairs, (5) Statistical Summary, and (6) Summary of Schedules.  11-91013 Dckt. 3.<br><br>Motion for extension of time to file documents granted.  11-91013  Dckt. 13.<br><br>No Chapter 13 Plan confirmed. |
|---|---|---|
| 10-92201 Chapter 7, Voluntary | Date Filed: June 9, 2010<br>Not Dismissed<br><br>Discharge Date: October 6, 2010 | |
| 99-94575 Chapter 13 | Date Filed: October 15, 1999<br>Not Dismissed<br><br>Discharge Date: May 26, 2004 | |
| 99-91063 Chapter 13 | Dated Filed: March 10, 1999<br>Date Dismissed: August 26, 1999 | Motion to Dismiss based on default in Chapter 13 Plan payments. |

    Though the Debtor filed the Adversary Proceeding to assert a variety of State law claims against Deutsche Bank National Trust Company, Trustee, and the other defendants, he does not list any claims against Deutsche Bank National Trust Company, as Trustee, or any other of the Defendants named in the Complaint on his Schedules.  No claims or rights of any such are listed on Schedule B or claimed as exempt on Schedule C.  Dckt. 24.  From the Complaint, it appears that these claims are asserted to have existed prior to the commencement of

the case, thereby they would be property of the Chapter 7 bankruptcy estate.  11 U.S.C. § 541(a).  As property of the estate, it is the Chapter 7 Trustee who has the sole right to prosecute such rights.  11 U.S.C. §§ 707(a), 323.

---

**Proper Grounds To Vacate Dismissal**

The Federal Rules of Civil Procedure provide for vacating an order or judgment in Rule 60, as incorporated into bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, which incorporates minor modifications that do not apply here.  Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The court uses equitable principles when applying Rule 60(b)Fed. R. Civ. P. 60(b).  *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3rd ed. 1998).  A precondition to the granting of such relief is that the movant show that he or she has a meritorious claim or defense.  *See* 12-60 Moore's Federal Practice Civil § 60.24; *Brandt v. American Bankers Insurance Company of Florida,* 653 F.3d 1108, 111 (9th Cir. 2011); *Falk v. Allen*, 739 F.2d 461, 462(9th Cir. 1984)  ("We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Gross v. Stereo Component Systems*, 700 F.2d 120, 122 (3d Cir. 1983) ("Gross"); *see* also *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (adopting Third Circuit test).")

On the one hand, the Debtor did file substantially all of the missing documents.  Unfortunately, though very experienced in bankruptcy filings, he argues that he sent one of the documents and filing fee to the Trustee instead of the court.  This resulted in the court dismissing the case.

    The Debtor makes no showing under Rule 60(b) as to why and how he can and will prosecute this Chapter 7 case.  It appears that he cannot obtain a discharge.  No assets of any value (other than possibly the unscheduled claims asserted in the Adversary Proceeding) exist for the Trustee to administer and use to pay creditor claims.  Schedules A and B, Dckt. 24.  According to Schedule D, the Debtor asserts that he has no creditors having secured claims (whether such claims asserted are contingent, unliquidated, or disputed).  Schedule D, *Id.*  The Debtor lists no priority unsecured claims on Schedule E. *Id.*  Other than a $2,500.00 claim of the Internal Revenue Service, all of the other general unsecured claims on Schedule F are listed as "Unknown" and disputed.  *Id.*

    On Schedule I the Debtor lists having $1,100.02 in gross income from wages, salary, and commissions.  His occupation is listed as actor and his employer is Entertainment Partners.  However, there are no deductions from his wages for payroll or Social Security Taxes.  He also lists $800.00 in monthly income from roommates for rent and $400.00 from self employment.  Schedule I, *Id.*  However, on Schedule J no provision is made for payment of any payroll taxes, self-employment taxes, or Social Security Taxes.  The Debtor states that he has monthly food expenses of only $200.00, nothing for medical or dental expenses, and only $150.00 for transportation expenses.  Schedule J, *Id.*

    The Statement of Financial Affairs fails to provide the required income information for the current year and the two prior years.  The only income shown in response to Question 1 of the Statement of Financial Affairs (Income from employment or operation of business for the current year and two years immediately preceding the current calendar year) is "$400.....Personal message services."  In response to Question 2 of the Statement of Financial Affairs for the same period of time (Income other than from employment or operation of business) the Debtor states "$800......Roommate rental 2 rooms income per month." *Id.*

    In response to Question 4 (Suits and administrative proceedings), the Debtor lists an unlawful detainer action involving Deutsche Bank National Trust Company as an "open" proceeding.  *Id.*  In response to Question 5 (Repossession and foreclosures) the Debtor identifies a February 27, 2012 foreclosure having been conducted by Deutsche Bank National Trust Company.  *Id.*

    The Debtor has offered nothing to indicate that if the court were to vacate the dismissal, the Debtor could and would properly prosecute this Chapter 7 to some useful and proper (under the Bankruptcy Code) conclusion. FN.1.  Though the court vacated the dismissal on an interim basis to allow the Trustee an opportunity to consider this unscheduled asset, the interim order vacating the dismissal expires on its own terms at 11:59 p.m. on August 23, 2013, unless otherwise ordered by the court.

Case 13-91102    Filed 08/22/13    Doc 51

---

FN.1. The court also notes that in addition to wasting time and monetary resources, a debtor who repeatedly files bankruptcy cases also squanders rights under the Bankruptcy Code.  With the 2005 BAPCPA amendments, Congress statutorily addressed the perceived problem of repeat (non-productive) bankruptcy filers.  As part of this, it created statutory terminations of certain rights and provisions precluding certain rights under the Bankruptcy Code from going into effect in the subsequent bankruptcy case(s).

---

The court not having been presented with a basis for permanently vacating the order dismissing the case, the interim order terminating on its own terms, and the court determining that the dismissal of this case was proper, the court orders that the bankruptcy case is dismissed.  The interim order having been entered, the court shall enter this as a separate order dismissing the case for clarity of the record.

The court shall issue a minute order.